Mr. Justice Phax
delivered the opinion of the court.
The hill in the court below stated, that the complainant, the appellee, about the 19th of November, in the year 1834, made an agreement with William Mathews, the appellant in this case, for the purchase from him, of four lots, in the town of Jackson, numbered one, two, three,' and six of fractional square number one south.
It further appears, that the terms of the agreement viere, that the complainant should pay to the defendant 7000 dollars in three annual instalments. The first, of 3333 dollars, 33§ cents, on or before the set Monday, in April, 1835, at which time the conveyance of the said lots was to be made to the complainant by the defendant. The other two payments of the like sum *730 each, as the preceding, was to be secured by notes negotiable in the Agricultural Bank at Natchez, with such endorsers as would be received in that bank. The first note due on the 1st Monday in April, 1336, and the other on the 1st Monday in April, 1837.
That after the making of the agreement, above stated, the complainant ascertained that to one of the lots, so by him purchased, the defendant had no title.
That on the day fixed for the execution of the agreement, the complainant went to the residence of the defendant, and there offered to perform his part of the agreement, and tendered to him not only the amount of money which was then due, but also the notes prepared and endorsed according to the terms of the agreement for the other two payments, and required the said defendant to execute the same on his part, by making to him a conveyance of the title to all the said lots in fee.
That the defendant required the whole payment of the purchase money to be made, and that then he would make a conveyance of such title as he had to the said lots, admitting at the same time that he had no title to one of the lots specified by the said agreement.
That the complainant was unwilling to advance the whole of the first payment, as the title was situated, and' refused to do so; but that he has always been ready to perform his part of the agreement, so soon as there was a performance on the part of the defendant.
And concludes with a prayer for a specific performance of the agreement, and that an account be taken of the value of the lot specified in the agreement to which the defendant had no title.
To the bill, the defendant demurred, and assigned the following causes:
1. There is no equity on the face of complainant’s bill, for complainant shows by his own averments, that defendant, William Mathews, was ready and willing to perform his part of the agreement, but that complainant refused to accept such performance.
2. That complainant’s bill exhibits no cause of action whatever against said defendant.
*731 The demurrer was overruled in the court below, and the appeal taken to this court.
The defendant, Mathews, agreed to sell and convey four lots of land in the town of Jackson, to the plaintiff for 7000 dollars. He proposes to perform this agreement by conveying such title as he had to them, admitting that to one of the lots he had no title. This, surely, is no offer to perform the agreement according to its terms.
' We think there is sufficient equity on the face of the bill to require an investigation of the facts. The decree of the court below must, therefore, he affirmed with costs.